UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| ERIC J. WERTZ and MARGARET T. WERTZ, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | No.1:09-cv-23 *Edgar* |
| LPS NATIONAL FLOOD, L.P. f/k/a FIS FLOOD SERVICES, | ) ) ) | |
| *Defendant.* | ) | |

**MEMORANDUM**

Plaintiffs Eric J. Wertz and Margaret T. Wertz initially brought their complaint in the Chancery Court of Hamilton County, Tennessee. [Court Doc. No. 1-1]. Defendant LPS National Flood, L.P., formerly known as FIS Flood Services ("LPS") removed the action to this Court. [Court Doc. No. 1]. Defendants move to dismiss Plaintiffs' claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [Court Doc. No. 5]. Plaintiffs move to remand this action to state court. [Court Doc. No. 10].

This court has reviewed the record, the arguments of the parties, and the applicable law and has determined that Plaintiffs' motion to remand will be **GRANTED** provided that Plaintiffs file either a motion to amend their complaint with supporting affidavits signed under oath or a binding stipulation that avers that the entirety of their damages does not exceed the statutory jurisdictional requirement of $75,000. [Court Doc. No. 10]. Defendant's motion to dismiss will be **DENIED** as moot due to this court's lack of subject matter jurisdiction. [Court Doc. No. 5].

**I.      Background**

Plaintiffs originally brought suit in state court alleging several state law claims against Defendant. [Court Doc. No. 1-1, Complaint]. These claims include claims for negligence, intentional misrepresentation, negligent misrepresentation, and unjust enrichment. *Id.* The Plaintiffs claim that they entered into a contract to purchase a home at 629 Spring Valley Lane, Chattanooga, Tennessee on January 7, 2008. *Id.* At the time of the purchase, their lender obtained a Flood Certification from Defendant LPS. The Plaintiffs received the Flood Certificate along with other documents at the closing on January 28, 2008. *Id.* The Complaint asserts that the "Plaintiffs were adamant that they did not want to purchase this property if this property was in the flood zone and would require flood insurance." *Id.* at ¶ 9. Plaintiffs alleged that the Defendant's Standard Flood Hazard Determination Certificate indicated that "flood insurance was not required on this property." *Id.* at ¶ 13. On June 23, 2008 a new lender for the property sent the Plaintiffs a letter indicating that Plaintiffs must purchase flood insurance for the property because it was located in a "special flood hazard area." *Id.* at ¶ 16.

The Complaint then asserts: "An additional Flood Certification Report was obtained by City Mortgage that the property was in fact located in a special flood hazard area and City Mortgage initially enforced Flood Insurance in the amount of Fifteen Hundred Dollars ($1,500.00) per month." Complaint, ¶ 17. Plaintiffs assert that they have incurred substantial damages by having to purchase flood insurance due to the Defendant's negligence. They further contend that the property they purchased has decreased in value since the determination that it lies in a special flood hazard area as defined by federal law. Complaint, ¶¶ 18-19.

The Plaintiffs seek the following relief:

> 1. That the Defendants [sic] pay the Plaintiffs in a sum equal to the amount of flood insurance costs for the life of their loan which is for Thirty years;

-2-

Case 1:09-cv-00023-RAE-WBC   Document 13   Filed 04/23/09   Page 2 of 9   PageID #: 115

>    2.      That the Defendants [sic] pay Plaintiffs for diminished value in the property since it has been deemed to be located in a special flood hazard area in an as yet undetermined sum of pre and post interest.
>    3.      In an as yet determined [sic] sum for court cost, attorney's fees, other incidental expenses;
>    4.      And for such other further and general relief as this honorable court may deem unjust [sic] and proper by this Honorable Court.

Complaint, Prayer for Relief, ¶¶ 1-4.

Defendant removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant has also moved to dismiss the case in its entirety on the merits pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs respond that this court lacks subject matter jurisdiction over this action. Plaintiffs agree that the parties are citizens of different states, but they contend that the entire scope of their requested relief is less than the jurisdictional requirement of $75,000. Defendant argues that the calculation of asserted damages of $1,500 per month for the purchase of flood insurance over the life of the thirty year home loan is much more than the $75,000 jurisdictional requirement. Defendant also reminds the court that Plaintiffs further seek the diminishment in property value due to the property's location in a special flood zone.

It is true that if Plaintiffs are seeking damages of $1,500 per month over the life of the thirty year mortgage, such damages would amount to $540,000, well above the statutory jurisdictional requirement. However, Plaintiffs maintain that their Complaint contains a typographical or clerical error, and that their damage request amount should have read that they seek damages for $1,500 per *year*–not per month– over the life of the thirty year loan. Thus, their damages from the alleged purchase of flood insurance amounts to $45,000, well *below* the statutory jurisdictional amount. They further assert that their damages for loss of the value of the

property will not be more than $30,000 and that the totality of their damages will not exceed $75,000, or the statutory jurisdictional limit. Plaintiffs have not moved to amend their Complaint, however, nor have they filed any affidavits signed under oath or any stipulations indicating the maximum amount of damages they seek.

**II.    Analysis**

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Further, 28 U.S.C. § 1332 provides that federal courts have jurisdiction over civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. . . ." 28 U.S.C. § 1332(a). The defendant seeking removal has the burden of proving jurisdiction in the district court. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369 (6th Cir. 2007); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). In addition, "[d]ue regard for state governments' rightful independence requires federal courts scrupulously to confine their own jurisdiction to precise statutory limits." *Ahearn,* 100 F.3d at 454.

Where the amount in controversy does not meet the jurisdictional requirement of 28 U.S.C. § 1332, no jurisdiction exists. In *St. Paul Mercury Indem. Co. v. Red Cab Co.* the Supreme Court explained the general rule:

> The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts. The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. . . . if from the fact of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the

-4-

> proofs, the court is satisfied to a like certainty, that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

303 U.S. 283, 289-90, 58 S.Ct. 586, 590-91 (1938). The court further explicated,

> and though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction. Thus events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.

*Id.* at 292-93, 58 S.Ct. at 592.

However, 28 U.S.C. § 1447(c) states that " . . . [i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As a district court in this Circuit recently explained: "28 U.S.C. § 1447 requires this court to remand the case 'if at any time before final judgment it appears that the . . . court lacks subject matter jurisdiction.' The Supreme Court recently held that this rule applies even if the case was properly removed, i.e., even if jurisdiction existed at the time of removal." *Roberts v. A&S Building Systems, L.P.*, No. 3:07cv413, 2008 WL 220627, *2 (E.D. Tenn. Jan. 25, 2008) (quoting 28 U.S.C. § 1447(c) (2006) and citing *Powerex Corp. v. Reliant Energy Services*, 551 U.S. 224, 127 S.Ct. 2411, 2417 (2007)).

Moreover, where there is a mistake in the amount thought to be in controversy, jurisdiction will not lie. For example, in *Jones v. Knox Exploration Corp.*, the Sixth Circuit reversed the district court's judgment on the merits and remanded with directions to dismiss for lack of subject matter jurisdiction. 2 F.3d 181, 182 (6th Cir. 1993). The court noted:

> Professor Moore refers to *American Mutual* as a "well-known case" and cites it

> with approval for the proposition that "[l]ack of the jurisdictional amount from the outset–although not recognized until later–is not a subsequent change that can be ignored."
>
> We believe the present case is subject to the same analysis. No subsequent event changed the amount in controversy; rather, subsequent discovery of the true amount led to the plaintiffs' commendable disclosure to this court. Because there was never more than $50,000 in controversy, the district court lacked subject matter jurisdiction over this action.

*Id.* at 183 (quoting Moore's Federal Practice ¶ 0.92[1] (2d ed. 1993) and citing *American Mutual Liability Ins. Co. v. Campbell Lumber Mfg. Corp.*, 329 F.Supp. 1283 (N.D. Ga. 1971)). The Sixth Circuit reviewed the general rule that if " a good-faith claim of sufficient amount is made in the complaint," then "subsequent events that reduce the amount below the statutory requirement do not require dismissal." *Id.* at 182-83. However, the Court noted that a "distinction must be made, however, between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action." *Id.* at 183. *See also*, *Flournoy v. United States Aviation Underwriters, Inc.*, 206 F.Supp. 237, 238 (D.C. Tex. 1962) (remanding case to state court for lack of subject matter jurisdiction and noting "[t]he fact that a mistake may have been honestly made in claiming the original amount could not convert what in the absence of the mistake would have been bad faith, into the kind of good faith necessary to vest jurisdiction in this Court"); *Roberts*, 2008 WL 220627 at *3 (finding no diversity jurisdiction where plaintiff had stipulated that all forms of damages would not exceed statutory limit of $75,000).

In *Matos v. Wojnarowicz* the district court remanded the case to state court following the plaintiff's attorney's stipulation that the alleged damages amounted to no more than $50,000, below the jurisdictional amount for diversity jurisdiction. No. 07-CV-4356, 2008 WL 892365

-6-

Case 1:09-cv-00023-RAE-WBC   Document 13   Filed 04/23/09   Page 6 of 9   PageID #: 119

(E.D.N.Y. Apr. 2, 2008). The original complaint filed in state court had asserted damages in the amount of $250,000, but plaintiff subsequently discovered the damages were much less after reviewing additional medical records relating to the claim. *Id.* at *1. In analyzing the same case the magistrate judge noted:

> Likewise, even without collusion, the rule [defendant] proposes would in unusual circumstances allow a defendant to manufacture federal jurisdiction in bad faith. Thus, for example, if the plaintiffs' written demand for "$250,000" in damages was merely a typographical error that was immediately corrected in a follow-up letter, and if the defendant nevertheless knowingly took advantage of that mistake to file a facially sufficient removal notice, [defendant's] proposed bar on reassessing the amount in controversy element of jurisdiction would prevent the federal court from taking corrective action.

*Matos v. Wojnarowicz*, No. CV07-4356, 2008 WL 53250, *5 (E.D.N.Y. Jan. 2, 2008). The magistrate judge ordered a remand of the case following sufficient time for the defendant to ask the district court to reconsider the decision. *Id.* at *6. *See also, Moore v. Toyota Motor Corp.*, 64 F.Supp.2d 612, 614 (N.D. Miss. 1999) (granting motion to remand where the plaintiff's attorney provided an affidavit indicating that amount of damages in complaint did not exceed $75,000 and that any reference to unidentified punitive damages was a "good faith mistake"); The district court in *Moore* concluded that the plaintiff's attorney's affidavit specifying that the plaintiff's damages did not exceed $75,000 merely "correct[ed] a clerical mistake." 64 F.Supp.2d at 614; *see also, Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994) (remanding to district court to dismiss for lack of subject matter jurisdiction where pre-trial discovery revealed "to a 'legal certainty,'" that the plaintiff "could not recover the statutory jurisdictional amount for diversity jurisdiction"); *Ryan v. Cerullo*, 343 F.Supp.2d 157, 159 (D. Conn. 2004) (granting motion to remand based on binding stipulation and affidavit clarifying that damages did not exceed jurisdictional amount).

-7-

In this case it appears that the Plaintiffs' attorney made a good faith error in drafting the damages sections of the Plaintiffs' Complaint. Thus, as in the cases cited *supra*, a clerical mistake will not provide this court with jurisdiction over this matter. As the plaintiffs did in *Moore* and *Matos*, if the Plaintiffs can demonstrate that their damages amount to no more than $1,500 per year for the thirty year life of the mortgage and no more than $30,000 in diminishment of property value, then this court does not have diversity jurisdiction over this matter. The fact that they made a mistake in drafting their Complaint does not confer jurisdiction in this court. Nor is this a situation where the Plaintiffs are manipulating their damages after the fact. Plaintiffs assert that when the Complaint was filed the additional flood insurance cost $1,500 per year. The precise amount of the cost of Plaintiffs' additional flood insurance is easily obtainable through discovery. Thus, the parties can determine with relative ease whether, when Plaintiffs filed their Complaint, their damages amounted to $1,500 per month or $1,500 per year. Further, the Plaintiffs should have no incentive to minimize the amount of their damages, and their counsel surely understands his ethical obligations and that "failure to adhere to the binding stipulation regarding damages will subject [him] to sanctions." *Ryan*, 343 F.Supp.2d at 160.

Unlike other cases in which a clerical mistake resulted in a valid removal to federal court, Plaintiffs in this case have made no attempt to amend their Complaint, to file affidavits regarding the amount of damages, or to provide a binding stipulation regarding the maximum amount of their claimed damages. Because this court lacks a document in the record binding the Plaintiffs to their claimed maximum damage amount below the jurisdictional minimum of $75,000 as of the date they filed their Complaint, the court cannot grant an immediate remand. Therefore, the

-8-

Case 1:09-cv-00023-RAE-WBC   Document 13   Filed 04/23/09   Page 8 of 9   PageID #: 121

court will **GRANT** Plaintiffs' motion to remand if the Plaintiffs file a motion to amend their complaint along with a copy of the corrected Complaint and supporting affidavits or, in the alternative, an affidavit and binding stipulation indicating the maximum amount of their damages as of the date the Complaint was filed.  Once Plaintiffs have demonstrated to the court their good faith commitment to seek damages under $75,000 in a way that will bind them to such amount, the court will be prepared to grant the motion to remand for lack of jurisdiction.

The court will **DENY** Defendant's motion to dismiss on the merits as moot due to this court's perceived lack of subject matter jurisdiction over this matter.

A separate order will enter.

          */s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE

-9-

Case 1:09-cv-00023-RAE-WBC   Document 13   Filed 04/23/09   Page 9 of 9   PageID #: 122